1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| DRAKE FELDE, | Case No.  1:22-cv-00286-HBK (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS CASE WITHOUT PREJUDICE[1] |
| v. | ORDER DIRECTING CLERK OF COURT TO ASSIGN A DISTRICT JUDGE |
| L. OGBUEHI, ET. AL., | |
| Defendants. | 14-DAY OBJECTION PERIOD |

        This matter comes before the Court upon periodic review of the file.  The undersigned recommends the district court dismiss this case without prejudice pursuant to the Court's Local Rules due to Plaintiff's failure to timely update his address of record.

                        FACTS AND BACKGROUND

        Plaintiff Drake Felde ("Plaintiff" or "Felde") is a state prisoner proceeding pro se on his civil rights complaint filed under 42 U.S.C. § 1983 on March 10, 2022.  (Doc. No. 1).   The Court granted Plaintiff's motion to proceed in forma pauperis on April 1, 2022 and mailed the order to Plaintiff at his address of record.  (Doc. No. 5).  On April 12, 2022, the order was returned as

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Ca. 2022).

1  undeliverable with a note that Plaintiff had been paroled.  (*See* docket).   Plaintiff's change of

2  address was due no later than June 21, 2022.  Local Rule 183(b).  As of the date on these Findings

3  and Recommendations, Plaintiff has neither filed a notice of change of address nor contacted the

4  Court.  Plaintiff has not filed an updated address, to the extent he has been transferred or released

5  as required by Local Rule 182(f).  (*See* docket).

6  ## I.      APPLICABLE LAW

7      This Court's Local Rules require litigants to keep the court apprised of their current

8  address and permits dismissal when the litigant fails to comply.  Specifically:

9  "[a] party appearing *in propria persona s*hall keep the Court and
   opposing parties advised as to his or her current address.  If mail

10 directed to a plaintiff *in propria persona* by the Clerk is returned by
   the U.S. Postal Service, and if such plaintiff fails to notify the Court

11 and opposing parties within sixty-three (63) days thereafter of a
   current address, the Court may dismiss the action without prejudice

12 for failure to prosecute."

13 E.D. Cal. Loc. R. 183(b) (2022); *see also* Local Rule 182(f) (all parties are "under a continuing

14 duty" to notify the clerk of "any change of address.").  Precedent supports a dismissal of a case

15 when a litigant fails to keep the court apprised on his address.  *Carey v. King*, 856 F.2d 1439

16 (9th Cir. 1988) (affirming lower court and finding no abuse of discretion when district court

17 dismissed case without prejudice after *pro se* plaintiff did not comply with local rule requiring

18 *pro se* plaintiffs keep court apprised of addresses at all times); *Hanley v. Opinski*, Case No. 1:16-

19 cv-391-DAD-SAB, 2018 WL 3388510 (E.D. Ca. July 10, 2018) (dismissing action for failure to

20 prosecute and failure to provide court with current address).

21     Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action

22 when a litigant fails to prosecute an action or fails to comply with other Rules or with a court

23 order.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889

24 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d

25 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that

26 courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances.").  Local

27 Rule 110 similarly permits the Court to impose sanctions on a party who fails to comply with the

28 court's Rules or any order of court.

Involuntary dismissal is a harsh penalty, but it "is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Before dismissing an action under Fed. R. Civ. P. 41, the Court *must* consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. *See Applied Underwriters*, 913 F.3d at 889 (noting that these five factors "must" be analyzed before a Rule 41 involuntary dismissal) (emphasis added); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors and independently reviewing the record because district court did not make finding as to each factor); *but see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same five factors, but noting the court *need not* make explicit findings as to each) (emphasis added); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of pro se § 1983 action when plaintiff did not amend caption to remove "et al" as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

## II.  ANALYSIS

The undersigned considers each of the above-stated factors and concludes dismissal is warranted in this case. The expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999). Turning to the second factor, the Court's need to efficiently manage its docket cannot be overstated. This Court has "one of the heaviest caseloads in the nation," and due to unfilled judicial vacancies, which is further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. The Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant. Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan v. Galaza*, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-

1  managing factor depends upon the size and load of the docket, and those in the best position to

2  know what that is are our beleaguered trial judges.").  Delays inevitably have the inherent risk

3  that evidence will become stale or witnesses' memories will fade or be unavailable and can

4  prejudice a defendant, thereby satisfying the third factor.  *See Sibron v. New York,* 392 U.S. 40,

5  57 (1968).  Finally a less drastic remedies in lieu of dismissal, such as, directing Plaintiff to

6  submit an updated address, or an order to show cause why the case should not be dismissed for

7  failure to comply with Local Rules would be an act of futility because the order would be

8  returned without delivery.  Additionally, the instant dismissal is a dismissal without prejudice,

9  which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

10  An order from the Court have been returned as undeliverable.  And contrary to Local Rule

11  183(b), more than 63 days have passed since mail was returned as undeliverable and Plaintiff has

12  not updated his mailing address or otherwise contacted the court.  After considering the factors

13  set forth *supra* and binding case law, the undersigned recommends dismissal, without prejudice,

14  under Fed. R. Civ. P. 41 and Local Rules 110 and 183(b).

15  Accordingly, it is ORDERED:

16  The Clerk shall assign a District Judge to this case.

17  It is further **RECOMMENDED**:

18  This case be dismissed without prejudice under Fed. R. Civ. P. 41(b), and Local Rules 110

19  and 183 (b).

20  ////

21  ////

22  ////

23  NOTICE TO PARTIES

24  These findings and recommendations will be submitted to the United States district judge

25  assigned to the case, pursuant to the provisions of  28 U.S.C. § 636(b)(1).  Within fourteen (14)

26  days after being served with these findings and recommendations, a party may file written

27  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

28  Findings and Recommendations."  Parties are advised that failure to file objections within the

4

specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:    October 26, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE